IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10241
Summary Calendar
_____

ALLEN TAYLOR; Et Al.,

                                        Plaintiffs,

ALLEN TAYLOR,

                                        Plaintiff-Appellant,

versus

DAVID G. UNDERWOOD; GEORGE J. COSENZA; COSENZA and UNDERWOOD,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-2632-X
- - - - - - - - - -
September 11, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Sometime prior to 1985, Allen Taylor and a business
associate invested in a company planning to develop and drill oil
and gas wells in West Virginia.  It was the demise of this ill-
fated business venture that gives rise to the appeal before us
today.  Specifically, as the investment began to fail, and
creditor lawsuits were filed, Taylor sought representation from
Cosenza and Underwood (defendants), in his defense against these

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

suits. In 1997, however, after protracted litigation and court delays that lasted close to ten years, that defense failed and Taylor was found jointly and severally liable for two contracts totaling close to $100,000 plus interest. Taylor now contends that defendants' malpractice resulted in the West Virginia court's adverse judgment.

Specifically, Taylor filed suit against the defendants in Texas state court, complaining of the defendants' alleged malpractice in the West Virginia litigation. Defendants filed a timely motion to remove the proceedings to the United States District Court for the Northern District of Texas on the basis of diversity. Taylor did not seek remand to state court.

Defendants then filed a Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, which Taylor opposed. On February 1, 2000, the district court granted the motion, dismissing Taylor's lawsuit without prejudice. In a Memorandum Opinion and Order filed January 31, 2000, the district court concluded that Taylor had failed to meet his burden of establishing either general or specific personal jurisdiction over the defendants. Taylor filed a timely notice of appeal.

In his brief, Taylor focuses his argument on the district court's failure to find specific jurisdiction. As such, we only consider this aspect of the district court's ruling and we further consider any other arguments to be abandoned. See Yohey v. Collins, 985 F.2d 222 (5th Cir.1993) (arguments must be briefed to be preserved).

The district court correctly noted that federal courts

sitting in diversity apply a two-part test to determine personal jurisdiction.  The first part requires the court to look to the law of the state in which it sits.  If the state court would confer jurisdiction, then so should the federal court.  In this case, however, Texas has a long-arm statute that confers jurisdiction over out-of-state plaintiffs to the limit of the Federal Constitution.  Thus, federal courts sitting in diversity in Texas must only apply the second part of this test, to determine whether a finding of personal jurisdiction would offend the Due Process Clause.

The due process test comprises two parts: first, courts determine whether the defendants established the requisite 'minimum contacts' with the forum state; second, courts determine whether exercising jurisdiction would result in "fair play and substantial justice."  Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 105 (1987).  Specific jurisdiction "refers to a suit 'arising out of or related to the defendant's contacts with the forum.'"  Interfirst Bank Clifton v. Fernandez, 844 F.2d 279, 283 (5th Cir. 1988) (citing Hall v. Helicopteros Nacionales De Colombia S.A., 466 U.S. 408, 414 n.8 (1984).  These contacts, however, must evidence the defendants' intent to  purposefully avail themselves of the benefits and protections of the forum state such that they would "reasonably anticipate being haled into court" in the forum - here, Texas.  Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 298 (1980).

The district court did not err in concluding that Taylor failed to demonstrate that the defendants made the requisite

contact with Texas.  As specific jurisdiction is supported only where the plaintiff's cause of action arises out of the contacts in question and where the defendants' contacts were purposefully directed towards the forum, it is worth recounting the sequence of events asserted by Taylor that purportedly support jurisdiction:  Taylor, due to his own business misfortune, sought the assistance of local counsel in West Virginia to defend against suits brought in West Virginia.  Defendants represented Taylor in an action which ultimately resulted in an adverse judgment against Taylor in West Virginia.  Taylor asserts that this representation was tortious.

This representation, however, occurred strictly in West Virginia.  In an attempt to divert our attention from this fact, Taylor emphasizes that some correspondence took place between himself in Texas and his attorneys in West Virginia. However, as the test for specific jurisdiction requires, these isolated instances of communication concerning the West Virginia action do not evidence activities that were purposefully directed at Texas. Further, it is worth noting, the defendants never visited Texas, they are not licensed to practice law in Texas, and they remained in West Virginia throughout the performance of the contract to provide legal services.

Simply stated, incidental contacts in the form of communication between an out-of-state lawyer and his in-state client, concerning legal services required solely for a matter that occurred out-of-state and involved litigation in out-of-state courts does not give rise to specific jurisdiction, without

more.  Accordingly, as Taylor fell woefully short of his burden of demonstrating more substantial contact, we AFFIRM the judgment of the district court for these reasons and essentially the reasons stated by the district court in its Memorandum Opinion and Order dated January 31, 2000.

A F F I R M E D.